IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, ET AL., <br>         Plaintiffs, <br>  v. <br> THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, ET AL., <br>         Defendants. | NO. 5:04-cv-886 RS <br><br> **ORDER DENYING TRAVELERS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

## I.  INTRODUCTION

Defendant The Travelers Indemnity Company of Connecticut ("Travelers") moves to compel the production of documents withheld by plaintiff Royal Indemnity Company ("Royal") on the bases of attorney-client privilege and work production protection, arguing that Royal waived its privileges by designating its attorney to testify as a Rule 30(b)(6) witness primarily concerning various contentions advanced by plaintiffs in this action. The motion was fully briefed and heard by the Court on December 21, 2005.  Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion to compel, finding that neither the attorney-client privilege nor the work product protection applicable to various documents was waived by Royal when its counsel testified regarding certain general issues arising in this action.

## II.  BACKGROUND

This is an insurance coverage case in which Royal and plaintiff Greystone Group, Inc. ("Greystone") seek contribution from Travelers arising out of a state court construction defect lawsuit, known as the "Avalon Bay" case, filed against Greystone.  Royal and Greystone contend that the latter qualifies as an "additional insured" under contracts of insurance between Travelers and one of its insureds, Stedman Construction Company ("Stedman").  Discovery is proceeding in this action and on December 17, 2004, Travelers served a Fed. R. Civ. Pro 30(b)(6) deposition subpoena on Royal. In response, Royal designated its attorney, Michael Matthews, ("Matthews") as the person most knowledgeable to testify to various topics listed in the subpoena, including Royal's contention that Greystone is an additional insured under each of Travelers' policies issued to Stedman and that those policies, therefore, afford coverage to Greystone in the underlying Avalon Bay action. See Philip Witte Declaration ("Witte Decl.") at ¶ 2. Subsequently, Matthews testified on those topics without objection. Id. at ¶¶ 4,5.

Prior to the Matthews' deposition, Travelers had requested the production of Royal's claims file, as well as all documents related to discovery conducted in the underlying Avalon Bay action.  Royal produced its claims file, including all non-privileged documents, along with a privilege log. The log identifies twenty-five documents withheld by Royal on the bases of the attorney-client privilege and/or the work product doctrine which relate, according to Travelers, to Royal's contention that the Travelers' policies afford coverage to Greystone.  Matthews also testified concerning these topics at his deposition.  As a result of Matthews' testimony, following his deposition, Travelers requested that Royal produce the documents identified in its privilege log, arguing that Royal waived the privileges applicable to those documents by permitting its attorney to testify broadly with respect to plaintiffs' contentions in this action.

Royal declined to produce the documents, arguing that it did not waive any applicable privileges. Royal notes that, although Matthews testified concerning the topics denoted in the subpoena, he did not reveal the contents of any privileged materials, nor did he refer to confidential documents in his deposition. As a result, Royal contends that the privileges have been preserved and that the motion to compel must, therefore, be denied.

## III.  LEGAL STANDARDS

2

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged,
> that is relevant to the claim or defense of any party...For good cause,
> the court may order discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party,
> in response to a request for inspection submitted under Rule 34, fails to respond
> that inspection will be permitted as requested or fails to permit inspection as
> requested, the discovering party may move for an order compelling an answer, or
> a designation, or an order compelling inspection in accordance with the request.
> The motion must include a certification that the movant has in good faith
> conferred or attempted to confer with the person or party failing to make the
> discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

A.   <u>Attorney-Client Privilege</u>

Fed. R. Evid. 501 states that in diversity actions, federal courts are to apply the forum state's rules for evidentiary privileges.  The attorney-client privilege in this state is codified in Cal. Evid. Code § 950, <u>et seq.</u>  The attorney-client privilege protects confidential communications between a client and his or her attorney during the course of the attorney-client relationship.  A confidential communication is defined as:

> Information transmitted between a client and his lawyer in the course of that
> relationship and in confidence by a means which, so far as the client is aware,
> discloses the information to no third persons other than those who are present to
> further the interest of the client in the consultation or those to whom disclosure
> is reasonably necessary for the transmission of the information or the
> accomplishment of the purpose for which the lawyer is consulted, and includes
> a legal opinion formed and the advice given by the lawyer in the course of
> that relationship.

3

1  Cal. Evid. Code § 952.

2  The privilege may be waived, expressly or impliedly, if the holder of the privilege freely discloses "a
3  significant part of the communication or consents to disclosure made by anyone." Shooker v. Superior
4  Court, 111 Cal.App.4th 923, 928 (2003). The privilege is not waived, however, when a client simply
5  testifies to facts which might have been discussed in confidential conversations with his attorney. Maas v.
6  Municipal Court, 175 Cal.App.3d 601, 606 (1986).

7  Travelers contends that since the privileged documents fall within one or more of the topics on
8  which Matthews freely testified without any assertion of the privilege, Royal has waived the protections
9  afforded to those materials and must now, therefore, produce the identified documents. Royal responds that
10  no waiver has occurred as a result of the Matthews' testimony because no confidential information was
11  revealed, or even discussed, during that deposition. Simply because certain general topics were covered in
12  the deposition which may also relate to certain privileged documents, Royal argues, does not result in a
13  waiver of any privileges.

14  Travelers relies principally on Fox v. California Sierra Financial Services, 120 F.R.D. 520 (N.D.
15  Cal. 1988); a case distinguishable from the "waiver facts" present here. In Fox, plaintiffs sought to discover
16  documents and testimony which had already been provided by defense counsel to the SEC during a
17  securities investigation. As to the specific documents for which defendants had not asserted privilege in the
18  SEC proceedings, the Court required production.

19  By contrast, this case concerns documents which have not been previously disclosed and no
20  evidence suggests that Matthews revealed the contents of any of those documents in this or any other
21  proceeding. The Ninth Circuit has held that voluntary disclosure of the contents of a privileged attorney
22  communication constitutes waiver of the privilege as to all other such communications on the same subject.
23  Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 24 (9th Cir. 1981). Accordingly,
24  had Matthews disclosed all or part of a confidential attorney-client communication during his deposition,
25  Travelers could argue that Royal had waived the privilege not only with respect to the contents of the
26  particular document disclosed, but also as to all other such communications addressing the same subject.
27  Here, however, Matthews provided only general testimony regarding his client's legal contentions and did

28

4

United States District Court
For the Northern District of California

not select out any portion of the requested documents or other related materials for disclosure. Just as it would be anomalous to argue that answers to contention interrogatories signed by counsel operate to waive the privilege attached to that counsel's communications with his or her client regarding all issues arising in the lawsuit, so, too, is it to argue waiver based on "contention" deposition answers.

The attorney-client privilege may be waived *if* the holder of the privilege freely discloses "a significant part of the communication or consents to disclosure made by anyone." Shooker v. Superior Court, 111 Cal.App.4th at 928. In this instance, Travelers has failed to establish that Matthews disclosed "a significant part," or any part at all, of a confidential communication. Accordingly, Royal did not waive the attorney-client privilege by permitting Matthews to testify to the topics set forth in the Fed. R. Civ. Pro. 30(b)(6) subpoena.[1]

### B.   Work Product Protection

Rule 26 of the Federal Rules of Civil Procedure sets forth the federal work product doctrine as a protection from disclosure applicable to documents and tangible things prepared in anticipation of litigation or for trial by or on behalf of a party. Fed. R. Civ. Pro. 26(b)(3). In order to obtain documents protected under the doctrine, the moving party must establish a "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Moreover, the Rule provides that, even when such a showing has been made, "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" are protected. Id.

Travelers argues that attorney work product is discoverable "where such information is directly at issue and the need for production is compelling." Bio-Rad Laboratories, Inc. v. Pharmacia, Inc., 130 F.R.D. 116, 122 (N.D. Cal. 1990) (citations omitted). Granted, the information contained in the withheld documents is "at issue" since the confidential communications apparently address Royal's contention that the

---

[1] The Court notes that the topics covered in the subpoena ask the witness to testify concerning Royal's contentions, questions which are often better suited to interrogatories rather than as deposition questions. See e.g., McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 286-287 (N.D. Cal. 1991), (*rev'd in part on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991)(holding that a 30(b)(6) deposition may not be an appropriate method for discovering the bases for legal contentions).

Travelers' policies afford coverage for the underlying Avalon Bay case. Royal's arguments to the contrary are unpersuasive since they address the ultimate admissibility of those documents rather than their discoverability at this stage of the litigation.

As to "compelling need," however, Travelers' showing falls short. It advances no argument that it is entitled to explore the work generated by its opposing counsel in this case in order to understand or respond to contentions made by Royal. Compelling need is a concept ordinarily attached to material facts which can be obtained only through the disclosure of work product. A desire to view how one's opponent formulated its legal position, while understandable, is less than compelling.

Bio-Rad Laboratories, Inc. v. Pharmacia, Inc., 130 F.R.D. at 122, cited by Travelers, similarly does not support its position. In that case, work product protection was lost when Bio-Rad voluntarily disclosed the trial strategy and opinions of its consultant-patent attorney. Matthews is not Royal's expert and will not offer his opinions at trial to support Royal's contention that the Travelers' policies at issue afford coverage in the underlying Avalon Bay state court action. Therefore, no showing has been made that Royal lost the protection of the work product doctrine when it designated attorney Matthews to testify concerning the topics set forth in Travelers' Rule 30(b)(6) subpoena.

## V.  CONCLUSION

For the reasons set forth herein, Travelers' motion to compel the production of confidential documents is denied.

IT IS SO ORDERED.

Dated:

RICHARD SEEBORG
United States Magistrate Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN ELECTRONICALLY DELIVERED TO:**

David Christopher Hungerford    dhungerford@morison-knox.com,

Michael Avery Mathews    mathewsesq@earthlink.net,

Michael D. Prough    mdp@morison-knox.com, bcarter@morison-knox.com

**Dated:**                                                                                       **Richard W. Wieking, Clerk**

                                                         **By:**_____
                                                                  **Chambers**