1

2

3

4

**E-FILED on   9/17/07   **

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   ROYAL INDEMNITY GROUP, THE            No. C-04-00886 RMW
     GREYSTONE GROUP, INC.,
13                                         ORDER GRANTING IN PART
            Plaintiffs,                    DEFENDANT'S MOTION FOR
14                                         RECONSIDERATION
       v.
15                                         **[Re Docket No. 108]**
     THE TRAVELERS INDEMNITY COMPANY
16   OF RHODE ISLAND, STEDMAN
     CONSTRUCTION COMPANY, DOES 1-100,
17
            Defendants.
18

19
           Plaintiffs Royal Indemnity Group ("Royal") and Greystone Group, Inc. ("Greystone") and
20
     defendant Travelers Indemnity Company ("Travelers") cross-moved for reconsideration of aspects
21
     of this court's Order Re: Cross motions for Summary Judgment and Adjudication dated September 6,
22
     2005, Docket No. 84 ("9/6/05 Order").
23
           The 9/6/05 Order held that Travelers had a duty to defend Stedman under Texas law and that
24
     the coverage under the subject policies was triggered by the occurrence of property damage without
25
     regard to when the damage was discovered or when the property was acquired by the claimant.
26
     9/6/05 Order at 18.  In that order, the court also denied Travelers' motion on plaintiffs' breach of
27
     contract claim and Royal's equitable indemnity claim, determining that there remained a material
28
     question of fact as to whether Greystone group was an insured under the applicable Travelers

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION—C-04-00886 RMW
MAG

1    policies.  This determination was based in part upon the submission of three certificates of insurance

2    that purportedly demonstrated that Stedman had added Greystone's predecessor in interest,

3    Worthing, to the applicable Travelers insurance policies as an additional insured through Stedman's

4    insurance agent, James Harper of Fort Bend Insurance Agency.  *Id.* at 14.

5         The court granted in part and denied in part the parties' cross-motions for reconsideration.

6    The court *sua sponte* clarified certain aspects of the order, thereby mooting plaintiffs' motion for

7    reconsideration.  *See* Order Re: Cross-Motions for Leave to File Motions for Reconsideration dated

8    Sept. 28, 2006, Docket No. 107 ("9/28/06 Order").  Travelers moved for reconsideration on the

9    grounds that the court should grant summary judgment on plaintiffs' breach of contract and equitable

10   contribution claims, contending that the certificates and assignment upon which those claims were

11   necessarily based were not properly authenticated and were thus inadmissible.  Because the court

12   agreed that the foundation for the admissibility the documents appeared to be lacking, the court

13   granted Travelers' motion for reconsideration to review whether it had properly considered (1) three

14   certificates of insurance purporting to name Greystone as an additional insured to the Travelers

15   insurance contracts; and (2) the purported assignment to Greystone of Stedman's rights.  The court

16   asked the parties to discuss the impact of the purportedly erroneous admission of these documents

17   on its summary judgment ruling.

18        The court has reviewed the submissions of the parties.  Plaintiffs' opposition to Travelers'

19   motion for reconsideration argues only that the court's consideration of the certificates of insurance

20   had no effect on the ruling because the admissibility of those documents was not placed at issue by

21   the cross-motions for summary adjudication before the court.  Plaintiffs are correct that only two

22   issues were presented to the court in *plaintiffs' motion* for summary adjudication: (1) whether

23   Travelers had a duty to defend Stedman and (2) how the occurrence of "property damage" would

24   trigger coverage under the liability insurance policies.  *See* Plfs. Mot. Summ. Adjudication of Issues

25   at 1-2, Docket No. 21 (moving the court to "summarily adjudicate two issues within the action").

26   However, *Travelers' motion* for summary judgment went further and sought summary judgment

27   *inter alia* on (3) Greystone's claims on the alternative ground that Greystone's claims are barred

28   because "it is not an insured under any contract of insurance with Travelers" and (4) Royal's

1   equitable contribution claim on the ground that Greystone is not a Traveler's insured.  Def.'s Mot.

2   Summ. J. at 1; *see also id.* at 10 ("No additional insured endorsement was ever authorized, issued or

3   attached to the Travelers policies."); *id.* at 11 (even if Stedman's insurance broker issued a certificate

4   of insurance indicating that a predecessor of Greystone's was an additional insured "there is no

5   evidence that Travelers ever approved or issued an 'additional insured endorsement'. . . .").  Plaintiffs

6   responded to this issue raised by Travelers in section VIII of their opposition to Travelers' Motion

7   for Summary Judgment, acknowledging that certificates of insurance do not of themselves confer

8   insured status on the assured party but stating that plaintiffs "mean to try" to prove that Stedman's

9   insurance broker acted as an ostensible agent of Travelers.  Opp'n Def.'s Mot. Summ. J. at 24-25.

10        Satisfied that Travelers raised the issue of whether there was evidence that Greystone was

11   insured by Travelers, the court now considers whether the three certificates of insurance were

12   sufficiently authenticated for purposes of the summary judgment ruling set forth in its 9/6/05 Order.

13   The certificates of insurance were purportedly authenticated by the Declaration of Walter Eeds, an

14   employee of both Greystone and its predecessor Worthing.  Eeds Decl. Supp. Mot. Summ.

15   Adjudication of Issues at 2, Docket No. 22 ("During the course of the construction of The Fountains,

16   Greystone and Worthing received between them a total of three certificates of insurance issued by

17   Stedman's insurance agent. True copies of those certificates are attached hereto as Exhibits 2, 3 and

18   4.").  In its 9/6/05 Order, the court overruled Travelers' objections to the certificates, stating that

19   Eeds' declaration was sufficient to establish authenticity.

20        Although Travelers argued that there was no evidence that Greystone or its predecessor

21   Worthing were insured under the Travelers policy, the court found there was sufficient evidence to

22   preclude summary judgment on plaintiffs' claims for breach of contract and equitable indemnity on

23   an ostensible agency theory.  The court concluded that based on the evidence on record, taken in the

24   light most favorable to plaintiffs, it might be possible to demonstrate that James Harper at Fort Bend

25   Insurance Agency acted as Travelers' ostensible agent.  This conclusion was based on (1) the three

26   certificates of insurance and (2) a declaration submitted by Travelers establishing that Travelers

27   account manager William Floyd communicated with James Harper at Fort Bend Insurance Agency

28   and handled business brought in by Fort Bend Insurance.  9/6/05 Order at 13-14.  In its motion for

reconsideration, however, Travelers asserts that the court failed to consider that Travelers' subsequent deposition of Eeds established that Eeds could not properly authenticate the certificates of insurance and that Eeds had no idea who James Harper was, had never communicated with him, and had never heard of Fort Bend Insurance Agency. *See* Decl. of Philip Witte Supp. Mot. Reconsideration, Ex. A, Dep. of Walter Eeds ("Eeds Dep.") at 57:11-60:24. The court finds this argument persuasive: Eeds does not have sufficient knowledge to authenticate the certificates of insurance. Eeds Dep. at 97:1-24. Without the certificates of insurance, the fact that a Travelers agent communicated with James Harper at Fort Bend does not suffice to raise a material question of fact as to ostensible agency.

Furthermore, Eeds' testimony appears to be insufficient to establish ostensible agency, even viewing the evidence in the light most favorable to plaintiffs. "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. "The burden of proving ostensible agency is upon the party asserting that relationship", *Ermoian v. Desert Hosp.*, 152 Cal. App. 4th 475, 502-503 (2007). There are three requirements necessary for recovery against a principal for the act of an ostensible agent: "The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence." *Hill v. Citizens Nat. Trust & Sav. Bk.*, 9 Cal. 2d 172, 176 (1937). Here, there is no evidence that Stedman, Worthing or Greystone had any belief as to whether Harper or Fort Bend Insurance Agency had any affiliation with Travelers. This is fatal to any ostensible agency theory because there must be some proof that the person dealing with the agent have some belief in the agent's authority. Based on the record before the court (a record that plaintiffs failed to supplement in any way in opposition to Travelers' motion for reconsideration), there is no evidence upon which plaintiffs may establish ostensible agency, which appears to be the only way that they could establish that they were insureds under any Stedman insurance policy with Travelers. Thus, without any evidence that Greystone was an insured under the Travelers insurance policies, Greystone's breach of contract claim against Travelers fails, as does

Royal's equitable contribution claim, as that claim relies upon Greystone's status as Travelers' insured.

Travelers also asserts that it is entitled to summary adjudication as to Greystone's breach of contract claim to the extent that the claim is predicated on an assignment of rights from Stedman to Greystone.  The 9/6/05 Order did not address the admissibility of the assignment from Stedman to Greystone, nor was that issue raised in Travelers' original motion for summary judgment.  Travelers' argument that the assigned breach of contract claim from Stedman fails was based solely on Travelers' contention that it owed no duty to defend Stedman.  The court therefore declines to grant summary judgment on plaintiffs' assigned breach of contract claim based on the lack of authentication of the document assigning Stedman's rights to Greystone.  This denial is without prejudice to Travelers subsequently seeking summary judgment as to that claim on such grounds.

In addition to its challenge as to the sufficiency of the three certificates of insurance, Travelers asks this court to reconsider its 9/6/05 Order as to its ruling regarding Cal. Ins. Code § 11580.  As plaintiffs point out, the court did not authorize further briefing on § 11580 and stated in its Order Re: Cross-Motions for Leave to File Motions for Reconsideration that it had "not yet ruled on whether plaintiffs may assert a claim against Travelers" under that section.  9/28/06 Order at 2. Notwithstanding Travelers' arguments that the issue has been briefed, the court will not now rule on the issue of plaintiffs' ability to proceed under § 11580.

### ORDER

For the foregoing reasons, Travelers' motion for reconsideration is granted in part and denied in part as follows:

1.    The court grants Travelers' motion for summary adjudication as to Greystone's claim for breach of contract under the Travelers insurance policy and Royal's equitable contribution claim based on Greystone's status as an insured.  Greystone was not an insured under the relevant Travelers insurance policies.

2.    The court denies without prejudice Travelers' motion for summary adjudication as to Greystone's claim for breach of contract under the rights assigned to it by Stedman.

1    3.    The court denies without prejudice Travelers' motion for reconsideration of the

2         court's ruling regarding Cal. Ins. Code § 11580.

3    The parties shall appear for a case management conference on Friday, October 19, 2007 at 10:30

4    a.m.

5

6    DATED:        9/17/07                                *Ronald M Whyte*

7                                                        RONALD M. WHYTE
                                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

Michael Mathews          mathewsesq@earthlink.net

**Counsel for Defendant(s):**

Robert John Romero      rromero@hinshawlaw.com
Anne D. O'Niell          aoniell@hinshawlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**          9/17/07                              /s/ MAG
                                                        **Chambers of Judge Whyte**