**E-FILED on**   12/5/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROYAL INDEMNITY GROUP, THE GREYSTONE GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, STEDMAN CONSTRUCTION COMPANY, DOES 1-100,<br><br>Defendants. | No. C-04-00886 RMW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DATED SEPTEMBER 17, 2007<br><br>**[Re Docket No. 117, 124]** |

Plaintiffs The Greystone Group, Inc. ("Greystone") and Royal Indemnity Group ("Royal") have sued defendant Travelers' Indemnity Company of Connecticut ("Travelers"), *inter alia*, for breach of contract and equitable contribution regarding the defense of an underlying action against Greystone, alleging that Greystone is an additional insured under a Travelers insurance policy issued to its subcontractor Stedman Construction Company ("Stedman").

By its order dated September 17, 2007, the court granted in part and denied in part a motion for reconsideration filed by Travelers. That order, finding that plaintiffs had failed to present evidence that Greystone was an insured under the relevant Travelers insurance policies issued to Stedman, granted Travelers' motion for summary adjudication as to (1) plaintiff Greystone's claim for breach of contract under the Travelers insurance policy and (2) plaintiffs' equitable contribution

1 claim based on Greystone's status as an insured under that policy. The order was based on plaintiffs' failure to authenticate three purported certificates of insurance issued on the Stedman policy naming Greystone as an additional insured, the only evidence plaintiffs offered that Greystone was an insured. In fact, Traveler's admitted in its original opposition to Travelers' motion that "[a]t present, Plaintiffs cannot prove that Mr. Harper [who purportedly issued the certificates] acted as Travelers' actual or designated agent." Rather, Royal maintained and still maintains, incorrectly, that Travelers has not properly raised the issue of Greystone's status as an additional insured.

Plaintiffs Greystone and Royal now contend that they have evidence that Fort Bend Insurance Company ("Fort Bend"), the insurance agency that issued the Travelers policy to Stedman, was not only an ostensible but an actual agent of Travelers such that Greystone was made an insured under a Travelers policy issued to Stedman. They assert that they should not have been required to authenticate the certificates of insurance that were the subject of Travelers' motion for reconsideration in order to avoid summary judgment of their breach of contract and equitable contribution claims. Plaintiffs now move for reconsideration of this court's September 17, 2007 order on Travelers' prior motion for reconsideration on two grounds. First, plaintiffs argue that there is a "material difference in fact or law from that which appeared to the court before entry of the order." Second, plaintiffs argue that there is "an absence of a predicate finding necessary to the order."

To the extent there appeared to be a "material difference in fact" prior to the order, that appearance is primarily the result of plaintiffs' failure to adduce any evidence in opposition to Travelers' motion that Fort Bend was an ostensible or actual agent of Travelers. Plaintiffs did not oppose Travelers' motion for reconsideration by addressing the failure to authenticate the certificates on the merits. Instead, plaintiffs chose to argue solely that Travelers had failed to demonstrate that there was no issue of material fact that Greystone was an insured under a Travelers policy, asking the court to conclude that, as a result, plaintiffs were not required adduce evidence that would serve to authenticate the certificates. As the court previously determined, Travelers had put the authenticity of the certificates of insurance at issue (and has contested plaintiffs' claim that

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF SEPTEMBER 17, 2007 ORDER —C-04-00886 RMW
MAG                                                                 2

1  Greystone was made party to the Travelers insurance policy) both in the original cross-motions and
2  in its motion for reconsideration of the court's order thereon.
3      Plaintiffs assert that Greystone's vice president of construction, Mark Lear, can authenticate
4  the certificates of insurance and that they can be authenticated by other means, including through the
5  business records exception to the hearsay rule.[1]  It appears that Lear was mentioned in the deposition
6  of Walter Eeds, president of Greystone taken on October 26, 2005, well before Travelers' motion for
7  reconsideration was even filed on October 12, 2006.  Nevertheless there was not a single mention of
8  Lear or any other authenticating witness in the plaintiffs' briefing in opposition to Travelers' motion
9  for reconsideration.  However, it would also appear that in its own motion for reconsideration of the
10 court's determination regarding the authenticity of the certificates, Travelers neglected to point out
11 testimony of its own employees that is relevant to whether Fort Bend had sufficient authority to
12 make Greystone an additional insured under Stedman's insurance policy, arguing instead that the
13 determination hinged solely on whether the certificates could be authenticated.  Travelers' Motion
14 for Reconsideration at 8, Docket No. 108 ("[Greystone's] status as an additional insured is in turn
15 based solely on the certificates of insurance.  But absent any competent evidence authenticating the
16 certificates or confirming their accuracy, the certificates must be disregarded.  No certificates, no
17 additional insured – and no breach of contract.").  Had the court been aware of the testimony of
18 Travelers' underwriters William Floyd and Claude Reed, it might have viewed the significance of
19 the certificates of insurance differently with regard to the question of whether there was any
20 evidence from which one could infer that Greystone was an additional insured under Stedman's
21 policy.  Floyd testified that Fort Bend did bind business on behalf of Travelers.  Decl. Michael
22 Mathews Re: Request for Leave to File Motion for Reconsideration dated 9/27/2007, Ex. D, Dep. of
23 William C. Floyd at 27:11-12.  Reed explained that the agency agreement between Travelers and
24 Fort Bend would have set forth whether Fort Bend had binding authority and that such an agency
25 agreement would have been found in Travelers' files on the agent.  Decl. Anne O'Niell Supp.
26 Travelers' Opp. dated 11/2/07, Ex. E, Dep. of Claude Reed at 18:2-19:1, 19:21-20:1 ("Q: Where

---

[1] Plaintiffs apparently believe, at least based upon counsel's oral argument, that the certificates of insurance magically become authenticated business records merely by their appearance in Stedman's files.

1  would I find record of [an agent's binding authority]? A: That would probably be in an agent's file.
2  His 10850."). His testimony also sets forth some circumstances under which agents might be
3  granted authority to bind Travelers. *See id.* 22:23-23:1, 23:24-25:16.[2]
4       Despite plaintiffs' failure to properly oppose Travelers' original motion, the court withdraws
5  its September 17, 2007 order in light of the newly offered, although previously known, evidence.
6  That evidence may potentially be marshaled to raise a question of fact as to the authenticity of the
7  certificates. Although the court believes that plaintiffs should have properly marshaled their
8  evidence in their original opposition or made an appropriate request for additional time under Fed.
9  R. Civ. P. 56(f), the court wants to avoid the possibility of an injustice that could occur if relevant
10 evidence of actual or ostensible agency is not considered. The court reinstates plaintiffs' claims for
11 breach of contract and equitable contribution to the extent that those claims are based upon
12 Greystone's alleged status as a Travelers insured under the Stedman policy. It is clear that Travelers
13 continues to assert that plaintiffs will be unable to prove that Fort Bend was an ostensible or actual
14 agent of Travelers for purposes of extending coverage to Greystone under the Stedman policy and
15 that coverage was not extended to Greystone whether through the certificates of insurance or
16 otherwise. The court will permit Travelers to bring a new motion for summary judgment based
17 upon the question of whether plaintiffs can prove that Greystone was an additional insured under the
18 Stedman policy. Briefing on that motion for summary judgment shall assume that the court has not
19 ruled on the authenticity of (or lack thereof) of the certificates of insurance and shall set forth anew
20 the parties' contentions regarding Greystone's status as additional insureds under the Stedman policy.
21 Both parties indicated a desire to take the deposition of James Harper. Therefore, any motion for
22 summary judgment should not be filed until after that deposition has been taken or a determination
23 has been made that the deposition cannot be taken.
24      Travelers argues in its opposition to the instant motion for reconsideration that a recently
25 issued Texas Supreme Court decision, *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, ___ S.W.2d

---

[2] Mark Lear, former vice-president of construction for Greystone, and whose testimony was first presented in plaintiffs' reply to Travelers' opposition to the current motion for reconsideration, states that no subcontractor was allowed to work on the project without an appropriate certificate of insurance. It is not fair to first present evidence in reply to an opposition to a motion for reconsideration.

___, 2007 WL 2965401 (Tex. 2007), demonstrates that Royal would not have an equitable contribution claim against Travelers as a matter of law.  Plaintiffs argue that this case may not be relied upon.  They first point out that the case has not yet been published and may be subject to revision pursuant to Texas court rules.  Next, they contend that California rather than Texas law governs with regard to equitable contribution, notwithstanding the court's previous decision to apply Texas law to govern the interpretation of the insurance contract.  Because this issue, as acknowledged by Travelers, is outside the scope of plaintiffs' motion for reconsideration, the court declines to consider it at this time, but it will permit Travelers to raise this argument in its motion for summary judgment that Greystone was not an additional insured under the Stedman policy. Travelers should address the choice of law issue raised in plaintiffs' reply.

DATED:     12/5/07

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

Michael Mathews       mathewsesq@earthlink.net

**Counsel for Defendant(s):**

Robert John Romero    rromero@hinshawlaw.com
Anne D. O'Niell       aoniell@hinshawlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

| | |
|---|---|
| **Dated:** 12/5/07 | /s/ MAG<br>**Chambers of Judge Whyte** |